IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MONTIE L. SPURGEON, JR.                                                    PLAINTIFF

            v.                        Civil No. 13-5289

SGT. T. MUGGEY; CPL.
SORREL; DEPUTY MCGUAL; and
CORPORAL MULVANEY                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff

proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Varner Unit of the Arkansas Department of

Correction. The events that are the subject of this case occurred while Plaintiff was incarcerated

in the Washington County Detention Center (WCDC). Specifically, Plaintiff maintains the

Defendants failed to protect him from attack by other inmates.

Separate Defendants Corporal Sorrell and Corporal Mulvaney have filed a motion to

dismiss (Doc. 16). Separate Defendant Sergeant T. Muggy has also filed a motion to dismiss

(Doc. 25). Plaintiff has not responded to either motion. The motions are ready for decision.

### 1. Background

According to the allegations of the complaint (Doc. 1) and supplement (Doc. 6), on

November 27, 2013, Plaintiff was assaulted by inmate Robert Randall. Specifically, Plaintiff

states Randall slapped him on the buttocks. Randall also followed him around the cell block to

harass him. Randall kept trying to slap Plaintiff on the buttocks.

-1-

Plaintiff alerted jail staff by using the intercom system.  Plaintiff asked to speak with a corporal about filing sexual assault charges.  When he was talking to the floor officer, Plaintiff states Randall attempted to talk over him and told staff not to worry about it that he needed paperwork filled out.  Plaintiff states he again told staff he needed to speak with a corporal.

When Corporal Sorrel came to the cell block, Plaintiff told Corporal Sorrell what was occurring. Plaintiff alleges that Corporal Sorrell did nothing.

After Plaintiff had put in a grievance asking to be moved, Deputy McGual came and took Plaintiff's statement and filed a report.  Plaintiff states he was then moved to another block for his safety.  However, Plaintiff states that two days later Randall was moved to the same block.  When Plaintiff protested, Sergeant Muggy came down to the block and publically humiliated the Plaintiff by asking him in front of the inmates what had happened.

Plaintiff alleges Sergeant Muggy also threatened to take away some of the privileges from all inmates in the cell block.  Plaintiff states the blame was being focused on him.

## 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  Braden, 588 F.3d at 594 (quoting Iqbal, 129 S.

AO72A
(Rev. 8/82)

Ct. at 1949).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3.  Discussion

First, Defendants maintain they are entitled to dismissal of the official capacity claims. They assert Plaintiff has not even alleged that a county policy or custom was the moving force behind the alleged constitutional violations.  Second, Defendants maintain that no actionable claim is stated against them in their individual capacities.  Finally, Defendants maintain they are entitled to qualified immunity.

Defendants are entitled to dismissal of the official capacity claims.  Plaintiff  does not allege that an unconstitutional municipal custom or policy caused the constitutional violation at issue in this case.  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'" Mann v. Yarnell, 497 F.3d 822, 827-828 (8th Cir. 2007)(quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).  No such allegations are made in this case.

Defendants are also entitled to the dismissal of Plaintiff's claims that he was subjected to verbal abuse and publically humiliated.  "Verbal threats do not constitute a constitutional violation." Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985).  Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension.

-3-

McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); O'Donnell v. Thomas, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); Martin, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension);   Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).  Cf. Burton v. Livingston, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

Defendants are entitled to the dismissal of Plaintiff's claims that he was not allowed to press charges against Randall.   A private citizen has no right to institute criminal prosecution. See Diamond v. Charles, 476 U.S. 54, 64-65 (1986); In re Kaminski, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

Defendants are not entitled to dismissal of the failure to protect claims.  "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Holden v. Hirner, 663 F.3d 336, 340-41 (8th Cir. 2011)(citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)).   To prevail on a failure to protect claim, Plaintiff must first prove he was "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834.  "This is an

-4-

AO72A
(Rev. 8/82)

objective requirement to ensure the deprivation is a violation of a constitutional right." Holden, 663 F.3d at 341 (citation omitted). Second, Plaintiff must "establish the prison officials were deliberately indifferent to inmate health or safety. This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded an excessive risk to inmate health or safety." Id. (citation and internal quotation marks omitted).

Plaintiff has stated a plausible claim here. He alleges the following: he was sexually assaulted by Randall; his complaints were not taken seriously; Randall then attempted to harm Plaintiff again using a weapon he fashioned out of a bar of soap and a pair of pants; Plaintiff was moved to another cell block for his protection; however, two days later Randall was moved into the same pod as Plaintiff.

Defendants also claim they are entitled to the protection afforded by qualified immunity. "Qualified immunity is a defense available to government officials who can prove that their conduct did 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Carroll v. Pfeiffer, 262 F.3d 847, 849 (8th Cir. 2001)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991)(quoting, Malley v. Briggs, 475 U.S. 335, 343, 341 (1986)). The inquiry is normally one of pure law. J.H.H. v. O'Hara, 878 F.2d 240, 243 (8th Cir. 1989).

"Under the doctrine of qualified immunity, a court must dismiss a complaint against a governmental official in his individual capacity that fails to state a claim for violation of clearly established statutory or constitutional right of which a reasonable person would have known."

-5-

Hager v. Arkansas Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013).  When a case is before the Court on a motion to dismiss, "[a] court considers whether the plaintiff has stated a plausible claim for a violation of a constitutional or statutory right and whether the right was clearly established at the time of the alleged infraction." *Id.*

A right is clearly established if its contours are sufficiently clear that a reasonable official would have fair warning of the type of action that would violate that right.  "The law was clearly established at the time of the incident that prison officials may be liable for failure to protect an inmate from a use of excessive force if they are deliberately indifferent to a substantial risk of serious harm to the inmate." Estate of Davis by Ostenfeld v. Delo, 115 F.3d 1388, 1395 (8th Cir. 1997).   As discussed above, Plaintiff has stated a plausible failure to protect claim against the Defendants.   Under the circumstances as alleged by the Plaintiff, it was not objectively reasonable for  the Defendants to believe their conduct did not violate Plaintiff's clearly established right.  See Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000).

### 4.  Conclusion

For the reasons stated, I recommend that the motions to dismiss (Docs. 16 & 25) be granted in part and dismissed in part.  Specifically, the motions should be granted with respect to: the official capacity claims; the claims that Plaintiff was publically humiliated; and the claims based on the failure to file charges against Randall.  The motions should be denied with respect to the failure to protect claims and Defendants' claim that they are entitled to qualified immunity.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties**

-6-

are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 3rd day of July 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-7-

AO72A
(Rev. 8/82)